IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIE EARL PONDER,

     Appellant,

v.                               CASE NO.:  1D15-0873

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed December 21, 2016.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Michael Ufferman, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Donna A. Gerace, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant Willie Earl Ponder appeals the denial of his motion for post-conviction relief arguing the circuit court erred in denying three claims of ineffective assistance of trial counsel.  We affirm and write as to only one issue.

Appellant was convicted of attempted first degree murder. At trial there were references made by the State that Appellant became a suspect after his name surfaced as the shooter. In his motion for post-conviction relief, Appellant argued that defense counsel should have filed a motion in limine to exclude any reference to the "word on the street" that Appellant was the shooter. Further, Appellant argued his defense counsel rendered ineffective assistance for failing to object to the repeated references by the prosecution to the so-called "word on the street" evidence. In support of this argument, Appellant relies on Saintilus v. State, 869 So. 2d 1280 (Fla. 4th DCA 2004).

At Appellant's trial, the trial court sustained the hearsay objection of defense counsel to the statement made by the prosecutor in opening argument that "there was talk in the community about who the shooter was and that that is how law enforcement developed a suspect in this case." Further, during the proffer of Breanna Morgan, a witness to the shooting, Morgan was cautioned by the trial court to refer to shooter as "the shooter, or something of that nature . . . rather than talking about Willie Ponder like you know who he is." Morgan would later refer to Appellant by name multiple times. Defense counsel objected to the first reference, an objection which was denied; defense counsel did not again object to Morgan's reference to Appellant by name because, as he explained at the post-conviction hearing, he did not want the jury to see the defense get repeatedly overruled. Defense

counsel also objected when the prosecutor asked a police officer "when [the shooting victim] mentioned to you a name that he had heard from other people, did you just take a picture of Willie Ponder and show it to him and say, is this the guy that shot you?" The trial court did sustain the hearsay objection. It is true that defense counsel did not object when the prosecutor referenced in opening argument things "being said in the community" about Appellant; nor did defense counsel object when the prosecutor asked the shooting victim whether friends and family members were passing information to him about the name of the shooter or whether he was familiar with Appellant's name "because of what people were telling you."

Following an evidentiary hearing, the circuit court denied the post-conviction relief noting no prejudice resulted from the references given "vague, generalized nature of the reference to 'word on the street' and how it was used by the investigators." Further, the circuit court found, defense counsel was able to use the "word on the street" evidence to bolster its theory of misidentification as such evidence "suggested that the victim and the eye witness were desperate, or eager at least, to be able to point the finger at someone, even though they couldn't really identify him." These findings are supported by the record.

Therefore, Appellant has not demonstrated the circuit court erred in denying post-conviction relief. "Judicial scrutiny of counsel's performance must be highly deferential," and there is a strong presumption that trial counsel's performance was

not ineffective.  <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  <u>Id.</u>  "[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct."  <u>Occhicone v. State</u>, 768 So. 2d 1037, 1048 (Fla. 2000).

The issue in <u>Saintilus</u> was not whether trial counsel rendered ineffective assistance, but whether the trial court erred in denying an objection to the admission of "word on the street evidence."  Given the record, we cannot say the circuit erred in concluding ineffective assistance was not demonstrated.  There were several objections made, and when the "word on the street" references were made, defense counsel used such to bolster the defense, as noted.

Accordingly, the denial of post-conviction relief is AFFIRMED.

ROBERTS, C.J., WETHERELL and BILBREY, JJ., CONCUR.